STATE, AARON DAWES, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF THE BOROUGH OF HIGHTSTOWN.

An ordinance passed by the common council of Hightstown without notice to the prosecutor, directing a committee to remove certain objects, upon lands which had been occupied by the prosecutor for twenty-five years, because they were encroachments upon a street—*Held*, void.

On *certiorari*.

This writ brings up the following ordinance, and notice given, after its passage, to the prosecutor:

*Whereas,* The committee appointed by the common council, at a meeting held on Tuesday evening, March 7th, 1882, to ascertain the lines of Main and Mercer streets, have reported that they find serious encroachments at and near the junction of said streets, and have filed a map duly showing the same:

Be it ordained by the common council of the borough of Hightstown, that the said committee remove, or cause to be removed, said obstruction and encroachment within sixty days from the date, and that they give written notice to such landowner or owners to remove said obstructions or encroachments within said limit of time.

Dated March 24th, 1882.      W. H. CARR,

*Chairman pro tem.*

Attest: T. W. PULLEN,

*Clerk.*

In pursuance thereof the following notice was duly served upon Aaron Dawes, the land-owner at the junction of said Main and Mercer streets:

Dawes v. Hightstown.

*To Aaron Dawes:*—Pursuant to an ordinance passed by the common council of the borough of Hightstown, at a meeting held on Friday evening, March 24th, 1882, you are hereby required to remove all encroachments and obstructions now existing at the junction of said Main and Mercer streets, and along the sides of them, in said borough of Hightstown, within sixty days from the date hereof.

Dated March 24th, 1882.

J. C. NORTON,
E. C. CHAMBERLIN,
J. C. FISHER,
*Committee.*

Argued at November Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the prosecutors, *A. S. Appelget.*

For the defendants, *R. M. J. Smith.*

The opinion of the court was delivered by

REED, J.   It is necessary to consider but one of the objections urged against the validity of this ordinance, and that is the one grounded upon the absence of notice to the prosecutor of the time, place, passage and character of ordinance which the common council proposed to pass.

By the facts admitted in the case, it appears that the encroachments at which the ordinance is directed, consist of property which has been in possession of the prosecutor for over twenty-five years, and until recently occupied by him as a store, public hall and offices.   These buildings were recently consumed by fire.

The only notice which he had of any proposed meeting of the common council, was a request made to him as mayor of the borough, by the six members of council, to call a special meeting of common council for that night.   He refused to comply with the request.

He had therefore no positive notice of the meeting, and no notice at all that the meeting designed to adjudge that his property was a nuisance. The place where these obstructions were alleged to exist was not a street *de facto.* So far as appears, it had never been used as a part of a street. It is a doctrine too well settled in this court for discussion, that the rights of the property-owner, in such instances, cannot be affected without affording him an opportunity to be heard, and further that the power of the common council to prevent and remove all encroachments in or upon any street (*Pamph. L.* 1871, *p.* 780, § 4,) is only a police power, and does not extend to cases of a doubtful or uncertain nature, and which require to be first lawfully determined. *State* v. *Jersey City,* 5 *Vroom* 31; *State, Marshall, pros.,* v. *Street Comm'r of Trenton,* 7 *Vroom* 287.

Let the ordinance and all proceedings under it be set aside, with costs.